892 F.2d 74
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
POTAIN TOWER CRANES, INC., Plaintiff-Appellee,
v.
CAPITOL TOWER CRANES, INC., Williams Industries,
Incorporated, Defendants-Appellants.
 No. 89-2321.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 4, 1989.
Decided: Dec. 8, 1989.
Rehearing and Rehearing In Banc Denied Jan. 3, 1990.
 
 Stephen A. Horvath (Lewis, Tydings, Bryan & Trichilo, P.C., on brief), for appellants.
 Joanne F. Alper (Frank W. Dunham, Jr., Mark S. Thrash, Cohen, Gettings, Alper & Dunham, on brief), for appellees.
 Before WILKINSON, Circuit Judge, HAYNSWORTH,* Senior Circuit Judge, and RICHARD L. WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Capitol Tower Cranes, Inc. and Williams Industries, Inc., the defendants below, appeal the district court's order granting Potain Tower Cranes, Inc.'s motion for summary judgment. The appellants allege that summary judgment was improper because genuine issues regarding material facts exist as to their liability to the appellee. Because the district court properly found that no genuine issues of material fact exist in this case, we affirm its grant of summary judgment in favor of the plaintiff.
 
 I.
 
 2
 The parties involved in this suit are a company organized to hold and service tower cranes (Capitol), its parent and 80% stockholder (Williams Industries), and a tower crane distributor (Potain). In 1985, Capitol and Potain entered into a distributorship agreement for cranes and parts. That agreement was cancelled in accord with its provisions in March 1988. Potain then demanded that certain parts be returned, but Capitol refused to do so at the direction of its board of directors and of Frank Williams, a member of the board of directors of Capitol and the president, chief executive officer, and owner of Williams Industries.
 
 
 3
 On August 19, 1988, Potain filed an amended complaint in its lawsuit against Capitol and Williams Industries seeking damages for, inter alia, conversion, breach of contract, recovery of the price of goods, account stated, and recovery of the price of goods on consignment. It sought recovery from Capitol on all counts and from Williams Industries on the conversion count only. The defendants filed a joint answer to the complaint.
 
 
 4
 On September 16, 1988, Potain served various discovery papers on Capitol, including a request for admissions. Responses were due October 17, 1988, but were not filed until November 2, 1988. A magistrate subsequently granted Potain's motion to strike these later responses and to deem the requested admissions admitted. The magistrate later reaffirmed her ruling upon a motion for reconsideration and imposed sanctions against counsel for the defendants. The defendants did not appeal any of the magistrate's rulings to the district court.
 
 
 5
 On January 6, 1989, the district court held a hearing on the plaintiff's motion for summary judgment. At this hearing, counsel for the defendants did not contest summary judgment as to defendant Capitol, but he did contest the joint liability of Williams Industries for the conversion count. After hearing argument from counsel for the parties, the court below entered an order granting summary judgment in favor of the plaintiff against both defendants. In granting the plaintiff's motion against defendant Williams Industries, the court specifically found that Potain had produced uncontroverted evidence that Frank Williams, the president and chief executive officer of Williams Industries, was acting on behalf of Williams Industries when he ordered Capitol not to return parts involved in this suit to Potain.
 
 
 6
 After summary judgment had been entered for the plaintiff, the defendants moved for reconsideration of the district court's final order. At that point, they submitted several affidavits attempting to raise genuine disputes regarding issues of fact critical to the plaintiff's claims. Defendant Capitol also argued that it had not authorized its lawyer's concession of liability. On January 23, 1989, the district court denied the defendants' motion for reconsideration.
 
 II.
 
 7
 The district court's grant of summary judgment against defendant Capitol was based on statements made by its lawyers in writing and in open court and on the matters deemed admitted by Capitol pursuant to the magistrate's order. Capitol's argument now that its attorney was not authorized to concede liability at the hearing on Potain's motion for summary judgment is not persuasive. As a general rule, litigants are bound by the acts of their freely-selected attorneys and courts are entitled to rely on the reasonable representations of those attorneys. Universal Film Exchanges, Inc. v. Lust, 479 F.2d 573, 576 (4th Cir.1973); see also Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962). This case is not an appropriate one for departure from that rule.
 
 
 8
 Prior to the summary judgment hearing, Capitol's attorneys had been sanctioned by the magistrate and controverted matters had been deemed admitted against its interests due to the failure to make a timely response to Potain's request for admissions. Thus, Capitol was well aware of the importance of monitoring its attorneys before that hearing took place. Furthermore, given the state of the record at the time of the hearing, it was reasonable for the defendants' attorney to concede liability on the part of Capitol and to focus on arguing that Williams Industries should not be held jointly liable. Capitol must now be held responsible for the concessions made by its selected representative at that hearing.
 
 
 9
 Therefore, the district court's reliance on the oral and written statements of counsel was appropriate and Potain was entitled to summary judgment against Capitol on all asserted theories of liability. See Fed.R.Civ.P. 56(c). The district court's refusal to reopen its inquiry after the defendant moved for reconsideration of its order was also appropriate because all of the "new" evidence introduced by Capitol at that point could have been submitted previously. See Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 404 (7th Cir.1986). By deciding not to oppose Potain's motion for summary judgment at the initial hearing on that motion, Capitol has waived its right to argue that genuine issues of material fact exist on appeal to this court.
 
 
 10
 The defendant's argument that the magistrate was in error in deeming admitted the requests for admissions served on Capitol is also too little and too late. A party who fails to object to a magistrate's decision waives its right to raise those issues on appeal. Wright v. Collins, 766 F.2d 841, 845 (4th Cir.1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208 (1984). If we did not require parties not satisfied with a magistrate's order to object to the district court in order to preserve their appeals to this court, litigants would be able to "sandbag" the trial courts, preserving for appeal pretrial issues that were never presented to those courts.
 
 
 11
 In this case, Capitol did not object to the district court regarding the magistrate's order, nor did it attempt to reopen that order at the summary judgment hearing. It is now bound by that failure to object, and we will not consider it on appeal. Further, we agree with the district court that the appellant's late responses to requests for admissions should not be treated as a withdrawal of admissions because such treatment would be prejudicial to the appellee. See Fed.R.Civ.P. 36(b).
 
 III.
 
 12
 Defendant Williams Industries argues that the district court committed reversible error in granting summary judgment against it as a joint tortfeasor with, or aider and abettor of, Capitol. Specifically, it asserts that summary judgment is inappropriate because a genuine dispute of material fact exists as to whether Frank Williams was acting on behalf of Williams Industries when he ordered that the parts in issue not be returned to Potain. When Mr. Williams testified about his participation in the conversion, however, he was speaking as a Rule 30(b)(6) witness on behalf of both Capitol and Williams Industries. His statements at that deposition may, therefore, be fairly interpreted as binding on both corporate defendants.
 
 
 13
 Furthermore, there was also uncontroverted evidence that Mr. Williams exercised substantial control over the affairs of Capitol, and that this de facto control was used in directing Capitol not to return the parts. Because the plaintiff produced uncontroverted evidence showing that Williams Industries should be held jointly liable for the conversion, summary judgment against Williams Industries was appropriate. See Certain-teed Prods. Corp. v. Wallinger, 89 F.2d 427, 436 (4th Cir.), cert. denied, 302 U.S. 707 (1937).
 
 
 14
 Williams Industries also argues that a genuine factual dispute regarding the appropriate measure of damages exists. The evidence that Williams Industries points to on appeal as revealing a dispute as to the value of the parts in issue, however, was not before the district court at the time it decided the plaintiff's motion for summary judgment. In fact, even though Potain had made detailed damages arguments in its motion for summary judgment, Williams Industries did not make any rebuttal arguments on damages either orally or in writing. The district court correctly relied on the record before it, and properly entered summary judgment against Williams Industries on damages as well as liability. We also find that the district court properly apportioned the damages between Capitol and Williams Industries based on the plaintiff's claims against each defendant.
 
 
 15
 Again, because the "new" evidence produced by Williams Industries in support of its motion for reconsideration could have been produced at the hearing on the motion for summary judgment, it was within the district court's discretion to refuse to reconsider its order. See Bally Export Corp., 804 F.2d at 404.
 
 IV.
 
 16
 The Court has considered the defendants' other arguments on appeal and finds them to be without merit. Because we agree with the ruling and reasoning of the district court in this matter, we affirm.
 
 
 17
 AFFIRMED.
 
 
 
 *
 Judge Haynsworth participated in the hearing of this case at oral argument but died prior to the time the decision was filed. The decision was filed by a quorum of the panel. 28 U.S.C. § 46(d)